# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2020

Lyle W. Cayce
Clerk

No. 19-40865
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GERARDO CASTILLO-CHAVEZ, *also known as* CACHETES, *also known as* ARMANDO GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-244-24

Before JONES, COSTA, and WILSON, *Circuit Judges*.

PER CURIAM:*

Gerardo Castillo-Chavez has applied for leave to proceed in forma pauperis (IFP) in this appeal. The district court denied his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

to the Sentencing Guidelines. By moving to proceed IFP in this court, Castillo-Chavez challenges the district court's denial of his motion for leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To proceed IFP, Castillo-Chavez must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(1). Castillo-Chavez presented sufficient evidence of financial eligibility. In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotations and citations omitted).

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant is eligible for a reduction, the district court, in its discretion, then weighs whether a reduction is warranted in consideration of any applicable 18 U.S.C. § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Here, the district court was not authorized to grant, and Castillo-Chavez was not eligible to receive, a sentence reduction based on Amendment 782 because the amendment did not have the effect of lowering his applicable guideline range. *See* U.S.S.G. § 1B1.10(a)(2)(B). Under the rules governing offense levels for multiple counts, Castillo-Chavez's combined offense level remained 43, even with a two-level reduction of his base offense level on the controlled substance count from 38 to 36. The only effect of that reduction would be to reduce the combined offense units of three by one-half unit, which still results in a three-level increase to the

greatest offense level of 41, as in the original calculations. *See* U.S.S.G. § 3D1.4(b) (Table). Because Castillo-Chavez was not entitled to a reduction under Amendment 782, the district court did not need to determine whether a reduction was warranted in consideration of any applicable § 3553(a) factors. *See Dillon*, 560 U.S. at 826.

Because Castillo-Chavez has not presented a nonfrivolous issue for review, his request for leave to proceed IFP is DENIED. Further, the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.